# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------x

TIA JUSTINO,

                       Plaintiff,

v.

WAL-MART STORES, INC.,

                       Defendant.

-------------------------------------------------------------x

Index No.

Plaintiff designates
ORANGE COUNTY
As the place of trial

SUMMONS

The basis of venue is
Defendant's Business
Located at:
288 Larkin Drive
Monroe, NY 10950

To the above-named Defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the inconvenience relief demanded in the complaint.

Dated:     Melville, New York
             January 13, 2021

                                 SLATER SLATER SCHULMAN LLP
                                 445 Broadhollow Road, Suite 419
                                 Melville, New York 11747
                                 *Attorneys for Plaintiff*

                                 By *John C. Luke, Jr.*
                                 John C. Luke, Jr., Esq.

Defendant's Address:

Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

Case 1:21-cv-06673-JMF   Document 1-1   Filed 08/06/21   Page 3 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-------------------------------------------------------------------x

TIA JUSTINO,

                Plaintiff,

-against-

WAL-MART STORES, INC.,

                Defendant.

-------------------------------------------------------------------x

Index No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, Tia Justino, (hereinafter "Plaintiff") by her counsel, SLATER SLATER SCHULMAN LLP hereby submits this Complaint and complains of the Defendant, upon information and belief, as follows:

### NATURE OF CASE

1. Plaintiff complains pursuant to the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"), and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to sexual discrimination, sexual harassment, retaliation, and constructive discharge/wrongful termination.

### PARTIES

2. Plaintiff is a single heterosexual female who resides in Newburgh, New York.

3. Defendant Wal-Mart Stores, Inc. (Hereinafter "Defendant") was and is still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. Upon information and belief, Defendant solicits business within the State of New York.

5. Upon information and belief, Defendant derives substantial revenues from goods used or consumed or services rendered in the State of New York.

Case 1:21-cv-06673-JMF   Document 1-1   Filed 08/06/21   Page 4 of 8

6. Defendant is an "employer" within the meaning of the New York Human Rights Law and at all relevant times, employed Plaintiff.

## FACTS

7. Plaintiff commenced her employment with Defendant on or around June 18, 2018 in Monroe, New York within Orange County.

8. Plaintiff worked for Defendant as a CAP 2 Supervisor.

9. Plaintiff's duties included unloading trucks and supporting her manager.

10. After six (6) months Defendant promoted Plaintiff to Deli Manager.

11. Plaintiff's duties included taking care of floor freight and managing the freezer.

12. The sexual harassment started when Plaintiff's co-worker David commenced his employment with Defendant.

13. First, David stated to Plaintiff that his wife allowed him to have sexual relationships with other women.

14. David consistently requested that Plaintiff send him naked photos.

15. David also consistently requested that Plaintiff bend over.

16. David told Plaintiff not to walk a certain way because when she did, he would want to "F*** the Sh** out of her."

17. On January 7, 2020, David sent Plaintiff a picture of his penis.

18. On January 13, 2020, Plaintiff complained to her Manager Renee.

19. The harassment did not end at this time.

20. On or around February 20, 2020, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

21. Defendant's managers continued to schedule Plaintiff and David with overlapping shifts.

2

22. David continued leering and staring at Plaintiff in a sexually aggressive manner.

23. As a result, Plaintiff tried to limit her interactions with David by taking her lunch break at the beginning of David's shifts.

24. David also used to come in on his days off and leer and stare at Plaintiff in a sexually aggressive manner.

25. In addition to failing to remedy the situation, Defendant's managers retaliated against Plaintiff by not providing her with the assistance she received prior to the complaint.

26. Prior to the complaint, Defendant's managers scheduled associates to assist Plaintiff during her shifts.

27. After Plaintiff's complaint, Defendant's managers stopped scheduling associates to assist Plaintiff and told her that she should be doing everything by herself.

28. The decrease in her expected help further deteriorated Plaintiff's work environment by effecting her ability to do her job.

29. Defendant's managers also retaliated against Plaintiff by investigating her for baseless accusations made against her after her complaint of sexual harassment.

30. Prior to her complaint of sexual harassment, Plaintiff's employment record was devoid of any written discipline.

31. The unchecked continuing sexual harassment and retaliation forced Plaintiff to withdraw from her employment.

32. Defendant constructively discharged Plaintiff on or about October 26, 2020.

33. As a result of Defendant's continued harassment of Plaintiff, she suffered numerous injuries including economic and physical/emotional damages.

3

34. Due to the harassment of Defendant, Plaintiff suffers from high stress and anxiety.

35. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

36. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendant.

37. The above are just some of the examples of unlawful conduct to which Defendant subjected Plaintiff on an ongoing continuous basis.

38. Defendant intentionally discriminated against Plaintiff based on her gender/sex and because of her lawful complaints of discrimination.

39. Defendant has a pattern and practice of discrimination and retaliation.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

42. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff through gender/sex discrimination, hostile work environment based on sex, sexual harassment, and constructive discharge/wrongful discharge.

4

43. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER NEW YORK STATE LAW

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

46. Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
January 13, 2021

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

_____
John C. Luke, Jr., Esq.
*Attorneys for Plaintiff*
445 Broad Hollow Road, Suite 419
Melville, New York 11747
(631) 420-9300

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

........................................................................................ x          Index No.:

TIA JUSTINO,

                            *Plaintiff,*

        *- against -*

WAL-MART STORES, INC.,

                            *Defendant.*

........................................................................................ x

# SUMMONS/COMPLAINT

Slater Slater Schulman LLP
*Attorneys For Plaintiff*
445 Broad Hollow Road, Suite 419
Melville, New York 11747
(631) 420-9300

## CERTIFICATION

Pursuant to 22 NYCRR §130-1.1-a, the undersigned, an attorney duly admitted to practice in the courts of the State of New York, certifies that, upon information and belief, and reasonable inquiry, the contentions contained in the annexed document are not frivolous as defined in subsection (c) of the aforesaid section.

*John C. Luke, Jr.*
John C. Luke Jr.